UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MEMS INNOVATIONS, LLC,<br><br>            Plaintiff,<br><br>      v.<br><br>TDK CORPORATION, et al.,<br><br>            Defendants. | Case No.  3:26-cv-03260-JSC<br><br>**ORDER RE: TDK-J'S MOTION TO DISMISS FOR LACK OF PERSONAL JURISIDCTION**<br><br>Re: Dkt. No. 27 |

MEMS Innovations brings patent infringement claims against three related corporate Defendants: InvenSense, TDK America, and their corporate parent, TDK Japan.  Following transfer of the action to this District, TDK Japan's motion to dismiss for lack of personal jurisdiction remains pending and is fully briefed.  (Dkt. No. 27.[1])  Having considered the parties' briefs, the Court concludes oral argument is not required, *see* N.D. Cal. Civ. L.R. 7-1(b), VACATES the June 18, 2026, hearing, and GRANTS the motion to dismiss for lack of personal jurisdiction.  Plaintiff has not met its burden of establishing personal jurisdiction over its claims against TDK Japan, and has not shown jurisdictional discovery is warranted.

## BACKGROUND

### A.      Complaint Allegations

Plaintiff, a Texas LLC, is the "exclusive licensee" of United States Patent No. 7,812,505 ("the '505 Patent") and United States Patent No. 8,114,697 ("the '697 Patent").  (Dkt. No. 1 at ¶¶

---

[1] Record citations are to material in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the top of the documents.

1, 19-20.)  Defendant InvenSense, a Delaware corporation with its principal place of business in San Jose, California, is involved with the development and production of piezoelectric microspeakers, transducers, and sensors that are incorporated into ultrasonic sensors.  (*Id*. at ¶ 4.) TDK Corporation of America is a California corporation "involved in sale of electronic materials and components and power supplies."  (*Id*. at ¶ 3.)  TDK-Japan is the Japanese parent corporation of InvenSense and TDK Corporation of America.  (*Id*. at ¶ 2.)   Plaintiff alleges Defendants' Chirp and USSM ultrasonic sensors infringe on the '505 Patent and the '697 Patent.  (*Id*. at ¶¶ 28, 48.)

According to the Complaint, Plaintiff previously sued

> TDK Corporation of America, and TDK Corporation in the Eastern District of Texas alleging infringement of the Asserted Patents. Defendant InvenSense was involved in the lawsuit of November 8, 2022 and was on notice of infringement of the '505 and '697 Patents at latest as of the filing of that lawsuit. InvenSense was also one of the parties that, along with TDK Corporation and TDK Corporation of America, signed an agreement with MIL on April 27, 2023 to pursue an out-of-court resolution of the infringement dispute with respect to the law suit of November 8, 2022. That lawsuit was thereafter dismissed on or about May 1, 2023, without prejudice based on the April 27, 2023 agreement of the parties so as to allow the parties to discuss an out-of-court resolution of the dispute. Those discussions have since proved unsuccessful, necessitating the filing of this complaint.

(*Id*. at ¶ 23.)

### B.    Procedural Background

This action was initially filed in the District Court for the Central District of California.  In response, Defendant TDK-Japan moved to dismiss for lack of personal jurisdiction and Defendants InvenSense and TDK America moved to dismiss for improper venue, or alternatively, for transfer to the Northern District of California for InvenSense and TDK Japan, and to the Eastern District of California for TDK America. (Dkt. No. 27.)  The court granted the motion to transfer to this District and dismissed the action as to TDK America without prejudice.  (Dkt. No. 35.)  TDK-Japan's motion to dismiss for lack of personal jurisdiction remains pending.  (Dkt. No. 43.)

//

United States District Court
Northern District of California

**DISCUSSION**

To exercise personal jurisdiction over a nonresident defendant, a court must establish the defendant had "certain minimum contacts" with the forum state "such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945) (cleaned up). Personal jurisdiction can be either general or specific. General personal jurisdiction exists "when a defendant is 'essentially at home' in the State." *Ford Motor Co. v. Montana Eighth Jud. Dist. Ct.*, 592 U.S. 351, 358 (2021) (citation omitted). And specific personal jurisdiction exists when a defendant takes "some act by which it purposefully avails itself of the privilege of conducting activities within the forum State." *Id.* at 359 (cleaned up).

The Court applies Federal Circuit law to the question of whether it has personal jurisdiction over Plaintiff's infringement claims against TDK-Japan because "the jurisdictional issue is 'intimately involved with the substance of the patent laws.'" *Avocent Huntsville Corp. v. Aten Int'l Co.*, 552 F.3d 1324, 1328 (Fed. Cir. 2008). When the district court resolves a personal jurisdiction "based on the record without an evidentiary hearing, plaintiffs need only show a prima facie case for personal jurisdiction." *Grober v. Mako Prods., Inc.*, 686 F.3d 1335, 1345 (Fed. Cir. 2012). And in determining whether a plaintiff has met is prima facie burden, "the district court must accept uncontroverted allegations in plaintiff's complaint as true and resolve any factual conflicts in plaintiff's favor." *Id.*

"Determining whether personal jurisdiction exists over an out-of-state defendant involves two inquiries: whether a forum state's long-arm statute permits service of process, and whether the assertion of personal jurisdiction would violate due process." *Id.* at 1329 (quoting *Inamed Corp. v. Kuzmak*, 249 F.3d 1356, 1359 (Fed. Cir. 2001)). California's long arm statute is co-extensive with federal due process requirements, and therefore the jurisdictional analyses under California law and federal due process merge into one. *Mavrix Photo, Inc. v. Brand Techs., Inc.*, 647 F.3d 1218, 1223 (9th Cir. 2011) ("California's long-arm statute ... is coextensive with federal due process requirements, so the jurisdictional analyses under state law and federal due process are the same."). Plaintiff bears the burden of establishing the exercise of personal jurisdiction is proper.

3

*Elecs. for Imaging, Inc. v. Coyle*, 340 F.3d 1344, 1350 (Fed. Cir. 2003).

Plaintiff has not met its prima facie burden because its personal jurisdiction argument is untethered to the applicable legal standards. Plaintiff asserts, without citation, "[a]s a foreign entity, TDK Japan is subject to general jurisdiction in the entire United States as well as specific jurisdiction and is amenable to be sued in whatever district Plaintiff chooses." (Dkt. No. 34 at 33.) Its lack of citation is unsurprising given general jurisdiction exists only when a defendant's "affiliations with the State in which suit is brought are so constant and pervasive as to render it essentially at home in the forum State." *Daimler AG v. Bauman*, 571 U.S. 117, 122 (2014). (cleaned up). Plaintiff has made no showing under this standard.

Plaintiff's perfunctory argument as to specific personal jurisdiction is likewise unavailing. For a court to exercise specific personal jurisdiction the defendant must have "(1) purposefully directed its activities at residents of the forum, (2) the claim [must] arise[] out of or relates to those activities, and (3) assertion of personal jurisdiction is reasonable and fair." *Avocent*, 552 F.3d at 1332 (citation omitted). Plaintiff's brief does not discuss this legal standard and the Complaint does not allege any facts that support an inference TDK-Japan purposefully directed its activities at California residents. Instead, Plaintiff generically alleges

> personal jurisdiction over Defendants because, acting in consort, Defendants purposefully and voluntarily placed the Infringing Products into the stream of commerce, with the expectation that they will be purchased and used by customers in the United States, in the State of California and in this judicial district.

(Dkt. No. 1 at ¶ 11.) These conclusory non-specific allegations are plainly insufficient to meet Plaintiff's prima facie burden.

Moreover, Tomoyuki Kotaki, Manager of Sensor Systems Business Company, Corporate Strategic Planning Department at TDK-Japan, attests TDK-Japan "does not now or in the past (a) make the Accused Products; (b) import the Accused Products; (c) use the Accused Products; (d) sell or offer to sell the Accused Products; or (e) distribute the Accused Products." (Dkt. No. 27-1.) ¶ 10.) Nor does TDK-Japan participate "in the design, development, manufacture, importation, use, offers for sale, sale, or distribution of the Accused Products." (*Id*. at ¶ 11.) According to Mr. Kotaki, InvenSense Taiwan Company Ltd., a wholly-owned subsidiary of InvenSense

4

International, which is a wholly owned subsidiary of Defendant InvenSense, is the only TDK-Japan related entity that "manufactures the Chirp Products." (*Id*. at ¶ 12.)  And the other allegedly infringing USSM product "is and was designed, developed, and manufactured outside of the United States by TDK Electronics GmbH & Co OG."  (*Id*. at ¶ 13.)  Finally, TDK-Japan "does not own, lease, or operate" any offices or facilities in California" nor does it have "any employees in California conducting business related to the Accused Products."  (*Id*. at ¶¶ 14-15.)

In response to this evidence, Plaintiff submits two press releases which it contends demonstrate TDK-Japan is "involved with the accused Chirp products at issue."  (Dkt. No. 33 at 7.)  Drawing inferences in Plaintiff's favor, the press releases on TDK's website do not rebut TDK-Japan's testimony as they do not indicate TDK-Japan has anything to do with the sales, commercialization, or manufacturing of the at-issue products in California or elsewhere. (Dkt. Nos. 32-2, 32-3.)  To the contrary, they confirm that the subsidiary, InvenSense, is responsible. (Dkt. No. 33-2 at 5 (identifying InvenSense as the "provider of performance SmartSensing platforms"); Dkt. No. 33-3 at 2 (identifying the product as the "InvenSense SmartSonic™ ICU-10201"). Indeed, both press releases identify InvenSense as the contact for more information about the products and sales of the products. (Dkt. No. 33-2 at 3, 5 ("For additional information, please contact sales@invensense.com. . . . For more information contact pr@invensense.com . . . Further information on the products can be found under https://www.invensense.tdk.com/smartsonic"); Dkt. No. 33-3 at 3 ("For more information about ICU-10201, visit ICU-10201 I TDK InvenSense (/products/icu-10201/) or contact InvenSense Sales at sales.us@tdk.com"). The press releases do not indicate TDK-Japan has any presence in California. *See Asahi Metal Indus. Co., Ltd. v. Super. Ct. of Cal., Solano Cnty*., 480 U.S. 102, 112–13 (1987) (plurality) (finding no jurisdiction where a parts manufacturer "did not create, control, or employ the distribution system that brought its valves to California").

Finally, even accepting as true Plaintiff's allegation that Defendants (including TDK-Japan) placed the infringing products in the stream of commerce, this is "bare formulaic accusation" insufficient. *AFTG-TG, LLC v. Nuvoton Tech. Corp*., 689 F.3d 1358, 1365 (Fed. Cir. 2012); *see also Holland Am. Line Inc. v. Wartsila N. Am., Inc*., 485 F.3d 450, 459 (9th Cir. 2007)

("Placement of a product into the stream of commerce, without more, is not an act purposefully directed toward a forum state").

Plaintiff's request for jurisdictional discovery fails to identify any disputed facts. *Laub v. U.S. Dep't of Interior*, 342 F.3d 1080, 1093 (9th Cir. 2003) (stating jurisdictional discovery "should ordinarily be granted where pertinent facts bearing on the question of jurisdiction are controverted or where a more satisfactory showing of the facts is necessary."). Plaintiff does not dispute Mr. Kotaki's declaration and instead insists "TDK-J[apan's] public statement indicated [it] may indeed be involved." (Dkt. No. 33 at 8.) "[A] mere hunch that discovery might yield jurisdictionally relevant facts, or bare allegations in the face of specific denials, are insufficient reasons for a court to grant jurisdictional discovery." *Yamashita v. LG Chem, Ltd.*, 62 F.4th 496, 507 (9th Cir. 2023); *Id.* at 508 ("Jurisdictional discovery would be little more than a fishing expedition seeking support for jurisdictional theories."). And, as explained above, the press releases do not suggest TDK-Japan may be involved. Instead, Plaintiff's opposition demonstrates it did not have any legitimate basis for naming TDK-Japan as a defendant in the first instance.

Accordingly, Plaintiff has not met its burden of demonstrating personal jurisdiction over TDK-Japan.

### CONCLUSION

For the reasons stated above, TDK-Japan's motion to dismiss for lack of personal jurisdiction is granted.

This Order disposes of Docket No. 27.

**IT IS SO ORDERED.**

Dated: June 12, 2026

JACQUELINE SCOTT CORLEY
United States District Judge

United States District Court
Northern District of California

6